UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 10-10335-RGS

UNITED STATES OF AMERICA

v.

MICHAEL PROCHILO

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO AMEND JUDGMENT

August 27, 2013

STEARNS, D.J.

The motion will be denied. The government is correct that this court does not have the authority to amend the judgment in the first instance because the motion was filed well beyond the fourteen days permitted by Fed. R. Crim. P. 35 for amendments of a technical nature. (The requested amendment would not be considered technical even if timely filed). Moreover, as the parties offered the plea under the terms of Rule 11(c)(1)(C), the court had no power to alter the terms of the agreement (only the power to reject it). While defendant is correct that there was anticipation by the parties and this court that the state court would impose its sentence to run concurrently with the federal sentence, this court had no power, prospectively or retroactively, to order the state court to do so. The Supreme Court's decision in *Setser v. United States*, 132 S.Ct. 1463 (2012), is not to the contrary. *Setser* in effect gave a federal court the power to dictate to the Bureau of Prisons how a federal sentence would be

served in anticipation of a state sentence that is yet to be imposed. It did nothing to disturb the long-standing right of the sovereigns, federal and state, to administer their systems of justice, each without interference from the other.[1] *See id.* at 1471.

ORDER

For the foregoing reasons, the motion to amend judgment is *DENIED*.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE

---

[1] The principle of dual sovereignty has been recognized in this Circuit in various contexts. *See, e.g., United States v. Coker*, 433 F.3d 39, 44 (1st Cir. 2005). The doctrine, while it is not immutable, dates from the very origins of the United States Constitution itself as reflected in the Tenth Amendment's injunction that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."